OPINION
{¶ 1} Appellant-appellant Dennis Scouler appeals the judgment of the Franklin County Court of Common Pleas affirming the decision of the Unemployment Compensation Review Commission ("commission") that upheld the denial of appellant's application for unemployment compensation benefits. *Page 2 
 {¶ 2} Appellant began employment with Big Lots Stores, Inc. on February 14, 1993. On December 26, 2004, appellant was arrested as a result of a domestic altercation.[1] Appellant remained incarcerated until January 26, 2005 when he pled guilty to one count of negligent assault. Due to his incarceration appellant was absent from his job from December 30, 2004 through January 26, 2005.
 {¶ 3} Appellant states he called his employer on December 28 and 30, 2004, explaining that he was incarcerated and that he would call again to keep them updated. However, according to appellant, he called his employer several times, but the employer refused to accept the charges for the phone calls from the jail. On January 12, 2005, appellant sent a written request for a leave of absence. After being released from jail on January 26, 2005, appellant returned to Big Lots on January 27, 2005, and was informed that his employer had not made a decision regarding his employment at Big Lots. Thereafter, on February 10, 2005, appellant received a letter from his employer indicating that he had been terminated for failing to work his required schedule, and for failing to contact his employer for three consecutive work days, namely December 30 and 31, 2004, and January 3, 2005.
 {¶ 4} Appellant applied for unemployment compensation benefits on April 28, 2005. On May 12, 2005, the Director of the Ohio Department of Job and Family Services ("Director"), issued a decision denying appellant's request finding that appellant was terminated for just cause in connection with work. Appellant appealed and in a re- *Page 3 
determination decision, the Director affirmed the earlier denial of appellant's application. Appellant appealed to the commission pursuant to R.C. 4141.281. After an evidentiary hearing, the hearing officer reasoned in part:
 The employer alleges that the claimant was discharged because he had been a no call/no show on each of the following dates: December 30 and 31, 2004, and January 3, 2005. However, the claimant argues that if he was discharged due to three no call/no shows as alleged by the employer, he would have been discharged during the first week of January 2005. The Hearing Officer finds the claimant's argument to be well-taken.
(Jan. 3, 2006 Decision.)
 {¶ 5} However, the hearing officer went on to state:
 The claimant was absent without leave from December 30, 2004 through January 26, 2005. At the hearing, the claimant did admit that he pled guilty to negligent assault. The evidence indicates that the claimant was in jail as a result of his negligent assault. Because of the claimant's time served in jail, he was excessively absent from work which resulted in his discharge.
 Based on the above findings of fact, the claimant was discharged by Big Lots Stores, Inc., due to his commitment to a correctional institution.
Id.
 {¶ 6} Therefore, the hearing officer modified the Director's re-determination, and held that appellant had been discharged because he was separated from his employment under a disqualifying condition, i.e., discharged due to excessive absenteeism resulting from his commitment to a correctional institution. Appellant filed a request for review, and on March 7, 2006, the review commission issued a final decision denying appellant's request for review. Thereafter, appellant appealed to the Franklin County Court of *Page 4 
Common Pleas. The trial court, finding the commission's decision to be lawful, reasonable and supported by the evidence, affirmed the review commission's decision denying unemployment benefits.
 {¶ 7} Appellant timely appealed to this court bringing the following three assignments of error for our review:
 ASSIGNMENT OF ERROR NO. I:
 THE TRIAL COURT ERRED BY FAILING TO ACKNOWLEDGE THAT THE EMPLOYER'S STATED REASON FOR SCOULER'S TERMINATION, "NO-CALL/NO-SHOW" WAS DISPROVED BY SCOULER AT THE ADMINISTRATIVE HEARINGS.
 ASSIGNMENT OF ERROR NO. II:
 THE TRIAL COURT ERRED BY NOT ADDRESSING APPELLANT'S CONTENTION THAT THE EMPLOYER FAILED TO PROCESS APPELLANT'S TIMELY REQUEST FOR A LEAVE OF ABSENCE.
 ASSIGNMENT OF ERROR NO. III:
 THE TRIAL COURT ERRED BY HOLDING THAT APPELLANT'S INCARCERATION WAS LAWFUL AND JUSTIFIED DENYING HIS APPLICATION FOR UNEMPLOYMENT BENEFITS DESPITE EVIDENCE THAT THE COMPLAINING WITNESS SUFFERS FROM WELL DOCUMENTED MENTAL ILLNESS AND THAT THE COMPLAINING WITNESS RECANTED HER TESTIMONY OF VIOLENCE BY APPELLANT.
 {¶ 8} Pursuant to R.C. 4141.282(H), upon appeal to the court of common pleas:
 The court shall hear the appeal on the certified record provided by the commission. If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission. *Page 5 
 {¶ 9} A reviewing court applies the same standard of review as the court of common pleas. Tzangas, Plakas Mannos v. Ohio Bur. of Emp.Servs. (1995), 73 Ohio St.3d 694. In so reviewing, however, the review commission's role as fact finder remains in tact, and the fact that reasonable minds may reach different conclusions is not a basis for reversing the commission's decision. Id. at 697. An appellate court may not make factual findings or assess the credibility of witnesses and may determine only whether the evidence supports the commission's decision. Id.
 {¶ 1O} The Unemployment Compensation Act exists "`to enable unfortunate employees, who become and remain involuntarily unemployed by adverse business and industrial conditions, to subsist on a reasonably decent level and is in keeping with the humanitarian and enlightened concepts of this modern day.'" Id. at 697, quoting Irvine v. Unemp.Comp. Bd. Of Review (1985), 19 Ohio St.3d 15, at 17. The Act's existence is not to protect employees from themselves, but to protect them from "economic forces over which they have no control." Id. When an employee is at fault, the employee is directly responsible for his own predicament, and such fault separates the employee from the Act's intent and the Act's protection. Id. at 698.
 {¶ 11} Pursuant to R.C. 4141.29(D)(2)(e), an employee is ineligible to receive unemployment compensation benefits if the individual "became unemployed by reason of commitment to any correctional institution."
 {¶ 12} For ease of discussion, we will address appellant's assignments of error in reverse. *Page 6 
 {¶ 13} In his third assignment of error, appellant contends the trial court erred in finding that appellant's incarceration was lawful in the presence of documented evidence that the complaining witness suffered from a mental illness and later recanted her testimony that appellant was violent. Initially, we note that it is beyond the scope of this case to review the underlying plea agreement and appellant's motivations for entering into said agreement. Notwithstanding, it is undisputed that appellant was incarcerated and that he pled guilty to negligent assault. Appellant's protestations that his wife and son are unstable, and that during the altercation on December 26, 2004 he was acting in self-defense, do not render either his incarceration or the plea agreement unlawful. Therefore, we cannot find error in the trial court's holding that appellant's incarceration was lawful and a justification for denying his request for unemployment benefits. Accordingly, we overrule appellant's third assignment of error.
 {¶ 14} In his second assignment of error, appellant contends the trial court erred in failing to address his contention that the employer failed to process his timely request for a leave of absence. The employer received appellant's request for a leave of absence two weeks after appellant was incarcerated. While the handbook states that the employer is to act within three days of a request for a leave of absence, we fail to see how the employer's actions here alter the fact that appellant was absent from work without leave for a 30-day period. In the matter before us, there is no requirement that a leave of absence be granted. Thus, whether the employer took action on January 23, 2005, as opposed to January 28, 2005, the outcome would not change. Therefore, appellant's second assignment of error is overruled. *Page 7 
 {¶ 15} In his first assignment of error, appellant contends he "disproved" that he did not violate the no call/no show policy. However, as indicated in both the commission's and the trial court's decision, such does not change the fact that appellant was away without leave from December 30, 2004 until January 26, 2005, due to his lawful incarceration. Thus, not only did the commission possess a basis to deny unemployment benefits, the denial of benefits was mandated by R.C.4141.29(D)(2)(e). See Evanko v. Bd. of Review (Feb. 17, 1982), Stark App. No. CA-5747 (holding that regardless of the characterization of the separation from employment as a voluntary quit or a discharge for missing work, the claimant was not entitled to benefits as a matter of law under R.C. 4141.29(D)(2)(e) because he became unemployed by reason of commitment to a penal institution); In re Claim of Gerken (Sept. 30, 1992), Wood App. No. 91CV145 (affirming the decision that upheld the administrator's amended decision that claimant was discharged for just cause due to his conviction and commitment to a penal institution rather than discharged for just cause in connection with work). See, also,Chandler v. Admin. Ohio Bur. of Emp. Servs. (Nov. 17, 1983), Franklin App. No. 83AP-87 (concluding that unauthorized absenteeism of an employee from his work due to his conviction of a crime, and the resulting sentence constitutes "just cause" within the meaning of R.C.4141.29[D][2][a]). Therefore, appellant's first assignment of error is overruled.
 {¶ 16} For the foregoing reasons, we cannot say the commission's denial of unemployment compensation benefits is unreasonable, unlawful, or against the manifest weight of the evidence. As such, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
 Judgment affirmed. *Page 8 
PETREE and KLATT, JJ., concur.
[1] According to appellant, his wife suffers from a mental illness, and on December 26, 2004, she began hallucinating. Appellant and his wife got into an argument, and appellant's 24-year-old son came out, began arguing with appellant, and kicked appellant in the groin. Appellant then smacked his son and a wrestling match ensued. The police were called and appellant was arrested and charged with two counts of domestic violence. (Jan. 9, 2006 Tr. at 32-34.) *Page 1